COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION
CIVIL ACTION NO. 19-CI-_____

**FILED ELECTRONICALLY**

MARY RIDDLE                                                                                          PLAINTIFF

VS.                                                **COMPLAINT**

JOHN W. CHESLAK                                                                                DEFENDANT
   SERVE:    **VIA CERTIFIED MAIL**
               **Restricted Delivery**
               John W. Cheslak
               532 Marblerock Way
               Lexington, KY 40503

AND

UNITED STATES POSTAL SERVICE                                                      DEFENDANT
   SERVE:    **VIA CERTIFIED MAIL –**
               **RETURN RECEIPT REQUESTED**
               Thomas J. Marshall, Statutory Agent
               General Counsel
               United States Postal Service
               475 L'Enfant Plaza SW
               Washington, DC 20260-1100

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Comes the Plaintiff, Mary Riddle, by counsel, and for her Complaint against the Defendants, John W. Cheslak, and the United States Postal Service ("USPS"), hereby states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    The Plaintiff, Mary Riddle, is and was at all times relevant hereto, a citizen and resident of Fayette County, Kentucky.

2. Upon information and belief, Defendant John W. Cheslak, (hereinafter "Cheslak") is and was at all times relevant hereto, a citizen and resident of Lexington, Fayette County, Kentucky.

3. Defendant Cheslak was an employee of the United States Postal Service on the date of the collision that is the subject matter of this Compliant.

4. Defendant United States Postal Service ("USPS") is an entity that is part of the Federal Government of the United States of America, and may be sued pursuant to 39 U.S.C 409. The United States Postal Service's statutory agent for service of process is the General Counsel of the United States Postal Service, who is, at this time, Thomas J. Marshall.

5. Venue is proper in this Court because the acts and omissions giving rise to Plaintiff's Cause of Action occurred in Fayette County, Kentucky.

6. This Court may exercise jurisdiction over each of the Defendants in this case because Plaintiff initiated a Federal Tort Claims Act claim against the United States Postal Service on or about September 25, 2017 which was within 2 years of the date of Plaintiff's alleged injuries, and the United States Postal Service has not accepted or denied Plaintiff's FTCA claim as of the date of this filing, which is more than six months from September 25, 2017, as a result, Plaintiff is now permitted to file a lawsuit in this Court.

7. Plaintiffs' damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of this Court.

## FACTS

8. Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs as though set forth fully herein.

9. On or about December 22, 2015, Plaintiff was in a motor vehicle collision in Fayette County.

10. Plaintiff's vehicle was making a left turn from Man-O-War Boulevard onto Jocasta Drive.

11. Defendant Cheslak, who was initially traveling eastbound on Jocasta Drive made a U-turn directly into Plaintiff's vehicle.

12. At the time of the collision, Defendant Cheslak was in the course and scope of his duties as a mail carrier for the USPS.

## COUNT I
## NEGLIGENCE

13. Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs as though set forth fully herein.

14. Defendant Cheslak had a duty to exercise ordinary care in the operation of his motor vehicle to avoid collision with other users of the roadway.

15. Defendant Cheslak failed to exercise ordinary care in the operation of his motor vehicle, and thereby, caused a collision with Plaintiffs' vehicle.

16. Defendant Cheslak's failure to exercise ordinary care constitutes negligence.

17. As a direct and proximate result of Defendant, Cheslak's negligence Plaintiff sustained severe and permanent bodily injuries.

## COUNT II
## RESPONDEAT SUPERIOR/
## VICARIOUS LIABILITY

18. Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs as though set forth fully herein.

19. Defendant Cheslak was in the course and scope of his employment with the Defendant USPS at the time of the collision.

20. Defendant Cheslak's duties as a USPS employee included, but were not limited to, the safe operation of his USPS vehicle.

21. Defendant Cheslak was negligent in the exercise of his duties and thereby caused injury to the Plaintiff.

22. Defendant USPS is vicariously liable for the damages arising out of Defendant Cheslak's negligent performance of his duties.

### COUNT III
### NEGLEGENT HIRING, SUPERVISION AND/OR RETENTION

23. Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs as though set forth fully herein.

24. Defendant USPS had a duty to exercise ordinary care in the hiring, training and/or supervision of its employees, including Defendant Cheslak, to prevent creating hazards caused by improper and negligent operation of USPS vehicles on the public highways.

25. Defendant USPS failed to exercise ordinary care in the hiring, training, and/or supervision of Defendant Cheslak, and such failures constitute negligence.

26. As a direct and proximate cause of Defendant USPS's negligence, Plaintiff sustained severe and permanent bodily injury.

### COUNT IV
### CAUSATION AND DAMAGES

27. Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs as though set forth fully herein.

28. As a direct and proximate result of the conduct of Defendant Cheslak and Defendant USPS, Plaintiff has been caused to suffer, and will suffer in the future the following damages:

  a. Past, present, and future mental pain and suffering;

  b. Past, present, and future medical bills and medical expenses;

  c. Lost wages and lost earnings capacity;

  d. Actual, consequential, incidental, and foreseeable damages;

  e. Punitive damages; and

  f. Attorney's fees, costs, pre- and post-judgment interest, and expenses.

WHEREFORE, the Plaintiff, Mary Riddle, prays the Court as follows:

1. For a judgment against the Defendants, with Plaintiff reserving the right to advise the trier of fact as to what amounts are fair and reasonable, as shown by the evidence;

2. For a trial cause by a jury;

3. That she be awarded all her damages enumerated above, including actual, consequential, punitive, incidental and foreseeable damages, her attorneys' fees, her costs, her expenses herein expended, pre-judgment and post-judgment interest, and any and all equitable relief that may be appropriate; and

4. Any other relief to which this Court may be deem her entitled.

Respectfully submitted,

GOLDEN LAW OFFICE, PLLC

Justin S. Peterson
James Yoder
771 Corporate Drive, Suite 750
Lexington, Kentucky 40503
Telephone:   859.469.5000
Facsimile:    859.469.5001
Email: jpeterson@goldenlawoffice.com
Email: james@goldenlawoffice.com
COUNSEL FOR PLAINTIFF